# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-2574 PA (Ex) | Date | May 3, 2019 |
|---|---|---|---|
| Title | Gerald Patrick Elder, et al. v. Cellcontainer No. 8 Corporation, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - ORDER TO SHOW CAUSE

Plaintiffs Gerald Patrick Elder and Teressa Elder (collectively "Plaintiffs") filed this action in Los Angeles Superior Court against defendants Cellcontainer No. 8 Corporation ("Defendant Cellcontainer") and Express Athens (collectively "Defendants") based on injuries Mr. Elder sustained when he fell from the gangway of Defendant Cellcontainer's vessel. Plaintiffs bring claims for statutory negligence, general negligence, and loss of consortium. Defendants removed the action to this Court and claim this Court possesses diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on Plaintiffs' claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-2574 PA (Ex) | | Date | May 3, 2019 |
|---|---|---|---|---|
| Title | Gerald Patrick Elder, et al. v. Cellcontainer No. 8 Corporation, et al. | | | |

the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

The Notice of Removal alleges that "Plaintiffs are residents of California." (Notice of Removal ¶ 9a.) As support for their allegation concerning Plaintiffs' citizenship, Defendants rely solely on the Complaint. (Id.) However, the Complaint alleges only that Plaintiffs "are residents of Los Angeles County, State of California." (Compl. ¶ 1., Notice of Removal Ex. 3.) Because an individual is not necessarily domiciled where he or she resides, Defendants' allegations are insufficient to establish Plaintiffs' citizenship. Furthermore, regarding their own citizenship, Defendants allege that "Defendant Cellcontainer is a Liberian shipping company" and "Defendant Express Athens is a vessel owned by Defendant Cellcontainer and is a Liberian-flagged vessel." (Notice of Removal ¶ 9a.) Defendants, however, do not allege the location of Defendant Cellcontainer's principal place of business, nor do they provide any other evidence of it. Because a corporation incorporated in a foreign country is also a citizen where it has its principal place of business, the allegations of Defendant Cellcontainer's citizenship are inadequate. See, e.g., Wong v. Qingdao Yijia Native Imp., & Exp., Ltd., No. CV-13-07207 RSWL-FFM, 2013 WL 12155708, at *1 (C.D. Cal. Oct. 10, 2013). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). This is particularly true for a removing defendant, who is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

Turning to Defendants' invocation of the Court's federal question jurisdiction, under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-2574 PA (Ex) | Date | May 3, 2019 |
|---|---|---|---|
| Title | Gerald Patrick Elder, et al. v. Cellcontainer No. 8 Corporation, et al. | | |

Defendants' Notice of Removal alleges that this Court has federal question jurisdiction based on Plaintiffs' claim under 33 U.S.C. § 905(b), which provides a longshoreman's exclusive remedy against a vessel. While the Ninth Circuit has not explicitly considered this issue, the Fifth Circuit has held that a § 905(b) claim does not in itself provide a basis for federal question jurisdiction. See Richendollar v. Diamond M Drilling Co., 784 F.2d 580, 583 (5th Cir. 1986), on reh'g, 819 F.2d 124 (5th Cir. 1987) ("[T]he presentation of a claim under § 905(b) does not automatically raise a federal question cognizable under 28 U.S.C. § 1331."); Christoff v. Bergeron Industries, Inc., 748 F.2d 297, 298 (5th Cir. 1984); Russell v. Atlantic & Gulf Stevedores, Inc., 625 F.2d 71, 72 (5th Cir. 1980) ("Just as Section 905(b) cannot provide a jurisdictional base under Section 1337, it cannot so serve under Section 1331."); Hilton v. Kirby Inland Marine, LP, No. 1:15-CV-93, 2016 WL 9088756, at *1 (E.D. Tex. Feb. 24, 2016) ("Although § 905(b) creates a cause of action for longshoremen allegedly injured by a vessel, 'a § 905(b) action does not arise under a federal statute for purposes of federal question jurisdiction.'"). Thus, Plaintiffs' Complaint does not present a federal question such that this Court has federal question jurisdiction.

For the foregoing reasons, Defendants have failed to satisfy their burden of showing that diversity jurisdiction or federal question jurisdiction exists. Accordingly, the Court remands this action to Los Angeles County Superior Court, case no. 18STCV05097, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).[1/]

IT IS SO ORDERED.

---

[1/] Defendants note in the Notice of Removal that "Plaintiffs have agreed to have the matter heard in federal court and consent to the removal of the State Court Action." (Notice of Removal ¶ 11.) "Parties cannot consent to subject matter jurisdiction, and a lack of subject matter jurisdiction is a non-consentable defect." Jones v. Bath & Body Works, LLC, 588 F. App'x 744, 745 (9th Cir. 2014) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 377 n.21, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978)). Thus, this Court is obligated to consider subject matter jurisdiction sua sponte even where, as here, the plaintiffs consent to removal. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").